UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Shimshon Wexler

    Plaintiff,      Case No._____

 v.

Dorsey & Whitney, LLP; and    **Jury Trial Demanded**
Artin Betpera

    Defendants.
------------------------------------------------------------x

## **COMPLAINT FOR DEFAMATION AND JURY DEMAND**

Plaintiff Shimshon Wexler, pro se, alleges as follows:

## **THE PARTIES**

1- Plaintiff, Shimshon Wexler, is licensed to practice law in New York and is a resident of the state of Georgia.
2- Defendant, Dorsey & Whitney, LLP is a Minnesota limited liability partnership.
3- Upon information and belief, Artin Betpera is a resident of California and used to work at the Dorsey law firm and now works at Womble Bond Dickinson. See Exhibit A.

## **JURISDICTION AND VENUE**

4- Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's claims based on the parties' diversity of citizenship and because the amount in controversy exceeds $75,000.
5- Venue is appropriate in this judicial district, pursuant to 28 U.S.C. § 1391, because this Court has personal jurisdiction over Defendants and by reason of the fact that, among other things, this is a judicial district where the events giving rise to this lawsuit occurred.

## **FACTUAL BACKGROUND**

6- Shimshon Wexler brought a TCPA class action lawsuit against AT&T with his wife Dr. Eve Wexler as the proposed class action plaintiff. See Case No. 15-cv-686-FB (EDNY).

7- At not time did Shimshon Wexler attempt to conceal the fact that Dr. Eve Wexler was his wife.
8- Neither Shimshon Wexler nor Dr. Eve Wexler engaged in any spousal scheme nor a major spousal scheme.
9- When AT&T attempted to derail the class action because Shimshon Wexler was class counsel, Shimshon Wexler withdrew from the case and Dr. Wexler's new counsel indicated that Shimshon Wexler may apply for attorney's fees for the work he had done prior to the withdrawal in defeating AT&T's motion to compel arbitration.
10- At no time did Shimshon Wexler make it clear that after his withdrawal he still intended to pursue an award of fees.
11- On or around February 12, 2018 Artin Betpera and Dorsey & Whitney published the attached 2 articles (See Exhibit B) referencing a decision in the class action lawsuit which was titled "TCPA Class Certification Denial Exposes Major Spousal Scheme" and which stated that "Mr. Wexler made it clear that he still intended to pursue an award of fees for his work on the case prior to withdrawal".
12- The title of the article and the statement in the article are false and defamatory. Defendants knew that the false, disparaging article would be read by people around the world as well as widely reported and that Shimshon Wexler would suffer reputational damage and economic harm as a result.
13- At the time the article was made Defendants knew the article was false or was made with reckless disregard for the truth or falsity of the statement.
14- The false statements contained within the article is defamation per se because among other things because it involved behavior incompatible with the proper conduct of Shimshon Wexler's business, trade or profession of being an ethical lawyer.
15- Shimshon Wexler has suffered damage as a result of the Defendant's false and defamatory article in an amount to be proven at trial but in excess of $75,000.

## CAUSE OF ACTION FOR DEFAMATION

16- Plaintiff restates and re-alleges each and every allegation in Paragraphs through 15 above as if fully set forth herein.
17- Defendants' statement was defamatory per se.
18- The plain import of the statement is an attack on the character, reputation, repute, name and status of Shimshon Wexler and is reasonably understood to state that Shimshon Wexler engaged in conduct where he attempted to conceal an unethical scheme.

19. Defendants' defamatory statement was false because Shimshon Wexler in fact never concealed anything nor engaged in any scheme nor behaved unethically.
20. Defendant made their statement either knowing it was false, had serious doubts about the truth of their statements, or made the statement with reckless disregard for its truth or falsity.
21. Defendants' statement exposed Shimshon Wexler to hatred, contempt, ridicule, and shame, and discouraged others from hiring, associating or dealing with him.
22. As a result, Shimshon Wexler has suffered damages in an amount to be proven at trial, including but not limited to, harm to her reputation, emotional harm and exposure to contempt, ridicule and shame.
23. Shimshon Wexler's damages exceed $75,000.
24. In making the defamatory statements identified herein, Defendants acted with malice, oppression, or fraud, and are thus responsible for punitive damages in an amount to be proven at trial according to proof.

## **PRAYER FOR RELIEF**

1. Compensatory damages in an amount to be proven at trial;
2. Punitive damages;
3. Pre-judgment and post-judgment interest;
4. Costs of suit; and
5. For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all causes so triable.

Dated: May 24, 2018
Atlanta, GA

/s/ Shimshon Wexler
Shimshon Wexler, Esq.
1856 Berkeley Mews
Atlanta, GA 30329
Tel: (212) 760-2400
Fax: (917) 512-6132
E-Mail: swexleresq@gmail.com

# EXHIBIT A



# WOMBLE BOND DICKINSON

# Artin Betpera

+1 657.266.1051

artin.betpera@wbd-us.com

Orange County, CA, US



HOME     US     PEOPLE     **ARTIN BETPERA**

# EXHIBIT B





# Legal Update

## TCPA Class Certification Denial Exposes Major Spousal Scheme

BY FEBRUARY 12, 2018

There are plenty of things I'd like to do with my wife one day. Take a trip to



Greece. Finally convince her to go camping with me (never going to happen). But filing a class action with her as class representative is definitely not one of them.

That's exactly what one husband-and-wife duo tried to pull in the Eastern District of New York. Senior Judge Frederic Block made quick work of the scheme.

In *Wexler v. AT&T Corp.*, No. 15 CV-0686 (FB) (PK), 2018 U.S. Dist. LEXIS 20157 (E.D.N.Y. Feb. 5, 2018), the Court granted AT&T's motion to strike class allegations based on the inadequacy of the class representative. The class representative was Dr. Eve Wexler, who was the wife of class counsel Shimshon Wexler. After AT&T alerted the Court to their relationship, Mr. Wexler quickly withdrew and was replaced by class counsel who had no relation to Plaintiff. However, Mr. Wexler made it clear that he still intended to pursue an award of fees for his work on the case prior to withdrawal.

Plaintiff argued that Mr. Wexler's withdrawal "mooted" the issue. Not so, said Judge Block. There's no disputing Plaintiff would have an interest in a potential fee award to her husband, had he been appointed class counsel. "Courts have long found that a

familial (or any other) relationship creates a conflict if it gives the class representative an interest in the fees class counsel might recover." And that conflict didn't just vanish after Mr. Wexler withdrew, especially because he was still planning to seek an award of fees for his work prior to withdrawal.

The Court astutely observed that "[a]s class representative, Dr. Wexler should act to maximize [class] recovery and, by extension, minimize reductions to it. But her interest in the fee award supplies the opposite incentive." The Court emphasized that because the "very nature of a class creates conflicts of interest between the class, class counsel and the class representative," the requirements of Rule 23 must be "scrupulously enforced."

And enforced they were. The Court held that because Plaintiff had an interest in a possible fee award to her husband, "she cannot adequately represent the interests of absent class members," and granted AT&T's motion to strike. Maybe the Wexlers should try salsa dancing instead.

**Share this:**

Twitter    LinkedIn    Facebook    Print



**Dorsey & Whitney**
Dorsey is a business law firm, applying a business perspective to clients' needs. We make it our first priority to know the context in which you do business - your market, your competitors, your industry.

PREVIOUS STORY
Patience is Wearing: Courts Stall Reverse Themselves on TCPA Stays as Delay on Omnibus Ruling Continues

NEXT STORY
D.C. Circuit Upholds CFPB's Constitutionality: Why the PHH Case Underscores the Importance of Internal Agency Discipline

## 🖒 YOU MAY ALSO LIKE...

February 13, 2018

# TCPA Class Certification Denial Exposes Major Spousal Scheme

by Dorsey & Whitney LLP

+ Follow

**Consumer Financial Services Legal Update**

There are plenty of things I'd like to do with my wife one day. Take a trip to Greece. Finally convince her to go camping with me (never going to happen). But filing a class action with her as class representative is definitely not one of them.

That's exactly what one husband-and-wife duo tried to pull in the Eastern District of New York. Senior Judge Frederic Block made quick work of the scheme.

In *Wexler v. AT&T Corp.*, No. 15-CV-0686 (FB) (PK), 2018 U.S. Dist. LEXIS 20157 (E.D.N.Y. Feb. 5, 2018), the Court granted AT&T's motion to strike class allegations based on the inadequacy of the class representative. The class representative was Dr. Eve Wexler, who was the wife of class counsel Shimshon Wexler. After AT&T alerted the Court to their relationship, Mr. Wexler quickly withdrew and was replaced by class counsel who had no relation to Plaintiff. However, Mr. Wexler made it clear that he still intended to pursue an award of fees for his work on the case prior to withdrawal.

Plaintiff argued that Mr. Wexler's withdrawal "mooted" the issue. Not so, said Judge Block. There's no disputing Plaintiff would have an interest in a potential fee award to her husband, had he been appointed class counsel. "Courts have long found that a familial (or any other) relationship creates a conflict if it gives the class representative an interest in the fees class counsel might recover." And that conflict didn't just vanish after Mr. Wexler withdrew, especially because he was still planning to seek an award of fees for his work prior to withdrawal.

The Court astutely observed that "[a]s class representative, Dr. Wexler should act to maximize [class] recovery and, by extension, minimize reductions to it. But her interest in the fee award supplies the opposite incentive." The Court emphasized that because the "very nature of a class

creates conflicts of interest between the class, class counsel and the class representative," the requirements of Rule 23 must be "scrupulously enforced."

And enforced they were. The Court held that because Plaintiff had an interest in a possible fee award to her husband, "she cannot adequately represent the interests of absent class members," and granted AT&T's motion to strike. Maybe the Wexlers should try salsa dancing instead.

  

## RELATED POSTS

- Ninth Circuit Lowers the Axe on Oft-Criticized TCPA Standing Opinion
- Class Certification: Halliburton II and Basic

## LATEST POSTS

- BioTech CEO Charged with Securities Fraud, Manipulation
- You Can't Reject My Trademark License - Can You?
- U.S. Supreme Court Affirms (Again) the Validity of Class Action Waivers In Employment Arbitration Agreements

See more

DISCLAIMER: Because of the generality of this update, the information provided herein may not be applicable in all situations and should not be acted upon without specific legal advice based on particular situations.

© Dorsey & Whitney LLP 2018 | Attorney Advertising

WRITTEN BY:



Dorsey & Whitney LLP

Follow

 Artin Betpera    + Follow

**PUBLISHED IN:**

Class Action    + Follow

Class Certification    + Follow

Class Representatives    + Follow

Conflicts of Interest    + Follow

Fee Awards    + Follow

Mootness    + Follow

Motion To Strike    + Follow

Rule 23    + Follow

TCPA    + Follow

Voluntary Withdrawal    + Follow

Business Torts    + Follow

Civil Procedure    + Follow

more ˅

**DORSEY & WHITNEY LLP ON:**

