*Shimshon Wexler*
*1856 Berkeley Mews NE*
*Atlanta, GA 30329*
*Tel (212)760-2400*
*Fax (917)512-6132*
swexleresq@gmail.com

June 18, 2018

Via CM/ECF
Hon. Judge Roslynn R. Mauskopf
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re:* 1:18-cv-03066-RRM-SJB Wexler v. Dorsey & Whitney, LLP et al

Dear Judge Mauskopf:

I write pursuant to your individual rules requesting that the Court allow me until July 9, 2018 to amend the complaint and I write in response to the order to show cause dated June 7, 2018. No Defendant has as of today entered an appearance in the case.

In response to the order to show cause, plaintiff intends to amend his complaint pursuant to FRCP 15 and/or 28 U.S.C. § 1653 to include good faith allegations that no member of the Dorsey and Whitney, LLP law firm is a citizen of the state of Georgia. Because Plaintiff is a citizen of Georgia and because no defendant (including defendant Betpera) is a citizen of Georgia the Court has diversity jurisdiction.

"If a party fails to specifically allege citizenship in [its diversity action], the district court should allow that party to cure the omission, as authorized by § 1653." Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009) (internal quotation marks omitted)

In Durant, Nichols, Houston, Hodgson & Cortese–Costa, P.C. v. Dupont, 565 F.3d 56 (2d Cir.2009) the Court held that "where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have obtained all along, a federal court may ... allow a complaint to be amended to

assert those necessary facts," id. at 64 (ellipsis in original; internal quotation marks omitted); accord Herrick Co. v. SCS Commc'ns, Inc., 251 F.3d 315, 329 (2d Cir.2001)

"[A] plaintiff need not affirmatively allege the citizenship of each member of an unincorporated association in order to get past the pleading stage. Instead, if the plaintiff is able to allege in good faith, after a reasonable attempt to determine the identities of the members of the association, that it is diverse from all of those members, its complaint will survive a facial challenge to subject-matter jurisdiction. If the defendant thereafter mounts a factual challenge, the plaintiff is entitled to limited discovery for the purpose of establishing that complete diversity exists." Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 102 (3d Cir. 2015).

The Second Circuit has held that "[p]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith, see Fed.R.Civ.P. 11, legally sufficient allegations of jurisdiction," i.e., by making a "prima facie showing" of jurisdiction. Ball v. Metallurgie Hoboken–Overpelt, S.A., 902 F.2d 194, 197 (2d Cir.), cert. denied, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990); Hoffritz for Cutlery, Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir.1985).

In addition to jurisdictional allegations, plaintiff intends to expand the allegations in the current complaint.

For the reasons stated above, plaintiff requests that the Court discharge the order to show cause and grant him an extension until July 9, 2018 to amend his complaint.

Respectfully,

*s/ Shimshon Wexler*