

**JONATHAN M. HERMAN**
**Partner & Co-Chair of Commercial Litigation Practice Group**
**(212) 415-9247**
**FAX (646) 607-0943**
**herman.jonathan@dorsey.com**

VIA ECF

July 12, 2018

The Hon. Roslynn R. Mauskopf
U.S. District Court Judge, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: <u>Wexler v. Dorsey & Whitney LLP, et ano.</u>, 1:18-cv-3066 (RRM) (SJB)

Dear Judge Mauskopf:

We are counsel for defendants Dorsey & Whitney LLP and Artin Betpera (collectively, "Defendants"). We write pursuant to Rule III.A.2 of Your Honor's Individual Rules to request (1) a pre-motion conference in advance of Defendants' anticipated motion to dismiss the Amended Complaint ("Complaint") or in the alternative for summary judgment on the grounds detailed below, and (2) an extension of the July 23, 2018 deadline for Defendants to file their motion until two weeks after the pre-hearing conference. *See Biro v. Condé Nast*, 963 F. Supp. 2d 255, 279 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015) (noting "particular value" in resolving defamation claims at the pleading stage to avoid chilling constitutionally protected speech and to assure that the exercise of First Amendment rights "will not needlessly become prohibitively expensive") (quotations omitted).

**I.    This Court Lacks Personal Jurisdiction Over Betpera Under the Long-Arm Statute**

The Complaint should be dismissed as against Betpera for failure adequately to allege personal jurisdiction. The Court lacks jurisdiction over him under CPLR 302(a)(1)[1] because authoring an online article accessible nationwide containing allegedly defamatory statements does not constitute "transacting business" in New York. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250 (2d Cir. 2007) ("[T]he posting of defamatory material on a website accessible in New York does not, without more, constitute 'transact[ing] business' in New York for the purposes of New York's long-arm statute."). Therefore, "when the defamatory publication itself constitutes the alleged 'transact[ion of] business' . . . more than the distribution of a libelous statement must be made within the state to establish . . . jurisdiction . . . ." *Id*. Moreover, Plaintiff fails to allege that Betpera, a California resident, has any contacts with New York. *SPCA of Upstate N.Y., Inc. v. Am. Working Collie Ass'n*, 18 N.Y.3d 400, 405 (2012) (limited New York activity insufficient).

---

[1] Plaintiff fails to allege any provision under the New York long-arm statute provides personal jurisdiction over Betpera. The only conceivably applicable provision is CPLR 302(a)(1) as the tortious activity prong of the statute specifically excludes claims of defamation, *see* CPLR 302(a)(3), and claims sounding in defamation regardless of their label, *see Donini Int'l, S.P.A. v. Satec (U.S.A.) LLC*, 2004 U.S. Dist. LEXIS 13148, at *14 n.3 (S.D.N.Y. July 12, 2004) (applying exclusion to Lanham Act claim under 15 U.S.C. § 1125(a)); *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 (2d Cir. 1996) ("Plaintiffs may not evade the statutory exception by recasting [claim] as something other than defamation.").

**II.     Defamation Claim**
**A.     The Title of the Article Is a Non-Actionable Expression of Opinion**

The title of the article, "TCPA Class Certification Denial Exposes Major Spousal Scheme," is a non-actionable statement of opinion based upon Plaintiff's involvement as former class counsel in a putative class action in which his wife was the proposed class representative. *See Wexler v. AT&T Corp.*, 323 F.R.D. 128 (E.D.N.Y. 2018) (the "AT&T case"). Defendants had no involvement in the case and included no information from any source other than the court opinion. In determining whether a statement is opinion, courts consider whether: (1) the specific language used has a precise meaning; (2) the statements are capable of being proven true or false; and (3) the context of the communication signals to readers that what is being read is likely to be opinion, not fact. *See, e.g.*, *Biro,* 883 F. Supp. 2d 441, 460 (S.D.N.Y. 2012). A non-actionable statement of opinion is one that is "accompanied by a recitation of the facts upon which it is based," and may include "rhetorical hyperbole." *Id.* at 460-61. "Where the plaintiff only asserts that the opinions are false, and does not challenge the veracity of the underlying facts, the plaintiff may not sustain a libel action." *Id.* at 463. In *Biro*, the statement that a plaintiff who had filed for bankruptcy had "oiled his way out of that whole thing . . . [and] got away scot-free" was protected because it reflected the speaker's "opinion of the fairness of [plaintiff]'s bankruptcy discharge," was not based on undisclosed facts, and did not carry a precise meaning capable of being proven true or false. *Id* at 462-63; *see NBC Subsidiary (KCNC-TV) v. Living Will Ctr.*, 879 P.2d 6, 12 (Colo. 1994) (describing product as a "scam" was opinion).

Like the statement in *Biro*, the title of the article here is a clear expression of the author's opinion of the Wexlers' approach in the AT&T case. *See Zerman v. Sullivan & Cromwell*, 677 F. Supp. 1316, 1320 (S.D.N.Y. 1988) (holding statement about repeat-litigants' aim to manufacture lawsuits was "nothing more than speculation about their motivations," and thus opinion). Moreover, even if the word "scheme" has a precise meaning, when read in the context of the entire article, which begins and ends with the author's light personal commentary[2], it is clear that the title is mere opinion, and that the purpose of the article itself is to entertain as well as to comment on a court decision. *See Gonzalez v. Gray*, 69 F. Supp. 2d 561, 567 (S.D.N.Y. 1999) (holding statements were opinion despite "arguably possess[ing] a precise meaning and [being] capable of being proven true or false" because "the context in which the Statements are made makes clear that they are merely the opinion of Gray. . . . [The broadcast's] primary purpose appears to be entertainment, not education.").

**B.     The Statements Are Substantially True and Privileged Under N.Y. Civ. Rts. Law § 74**

If the Complaint were not dismissed because the statements[3] at issue are opinion, then it should be dismissed (1) pursuant to the absolute privilege for fair and true reports of judicial proceedings, and (2) because the statements are substantially true, *see Biro* at 458 ("If an allegedly defamatory statement is 'substantially true,' a claim of libel is legally insufficient and . . . should [be] dismissed.") (quotations omitted). Under N.Y. Civ. Rights Law § 74, an action cannot be maintained for the publication of a fair and true report of a judicial proceeding. A statement qualifies as a "fair and true report" if it is "substantially accurate," in that, "despite minor

---

[2] *See* Complaint, Exhibit I ("There are plenty of things I'd like to do with my wife one day. Take a trip to Greece. Finally convince her to go camping with me (never going to happen). But filing a class action with her as class representative is definitely not one of them," and "Maybe the Wexlers should try salsa dancing instead.")

[3] Plaintiff also alleges that the following statement contained in the article is defamatory: "Mr. Wexler made it clear that he still intended to pursue an award of fees for his work on the case prior to withdrawal."

inaccuracies, it does not produce a different effect on a reader than would a report containing the precise truth." *Zerman* at 1322. A fair and true report "must be accorded some degree of liberality. . . . [T]he language . . . should not be dissected and analyzed with a lexicographer's precision." *Holy Spirit Ass'n for Unification of World Christianity v. New York Times Co.*, 49 N.Y.2d 63, 68 (1979); *Test Masters Educ. Servs. v. NYP Holdings, Inc.*, 603 F. Supp. 2d 584, 589 (S.D.N.Y. 2009) (holding newspaper "is permitted some drama in grabbing its reader's attention," and "Use of the word SCAM in the . . . headline is a fair index of the information included in the article, and is itself 'substantially accurate' . . . .").

In the AT&T case, AT&T moved to strike the class allegations upon learning that the proposed class representative was the wife of class counsel, Mr. Wexler. *See Wexler v. AT&T Corp.* at 129-30. Mr. Wexler's co-counsel represented to the Court that Mr. Wexler was withdrawing but "may seek to petition the Court for quantum meruit only for the work done prior to his withdrawal." *Id.* at 130. Judge Block noted that, "*Notwithstanding his withdrawal, Mr. Wexler intends to seek fees for his work based on quantum meruit,*" and held, "*Because [Mr. Wexler's wife] has an interest in a possible fee award to her husband, she cannot adequately represent the interests of absent class members.*" *Id*. (emphasis added). Both allegedly defamatory statements here are substantially accurate and therefore absolutely protected. *See Lacher v. Engel*, 33 A.D.3d 10, 17 (1st Dep't 2006) (holding statement that lawyer's client was "very poorly served" was an absolutely protected "understatement" of allegation in complaint).

**III.   Lanham Act Claim Fails, as Statements Are Opinion, Not Misrepresentation of Fact**
In order to be actionable under the Lanham Act, a statement used in "commercial advertising or promotion" must contain a "false or misleading description [or representation] of [material] fact," regarding another's "goods, services or commercial activities." 15 U.S.C. § 1125. First, the statements at issue are opinion, not false or misleading material misrepresentations of fact. *Groden v. Random House, Inc.*, 61 F.3d 1045, 1051 (2d Cir. 1995) (dismissing false advertising claim as statement "'GUILTY OF MISLEADING THE AMERICAN PUBLIC' is obviously a statement of opinion that could not reasonably be seen as stating or implying provable facts about [plaintiff's book]."). The article simply provides an opinion concerning the AT&T case. To the extent the statements are construed as fact, they are not false or misleading, but rather an accurate summary of the AT&T case. Second, the statements are not material because they are not likely to influence potential clients' decision to hire Plaintiff; any damage to Plaintiff's reputation was caused by Plaintiff's own conduct and Judge Block's decision, not Dorsey's article. *See NBA v. Motorola, Inc.*, 105 F.3d 841, 855 (2d Cir. 1997) (statements that did not influence consumers' purchasing decisions were not material). Whether Plaintiff or his co-counsel made the representation to the Court that Plaintiff would seek fees is "irrelevant" and "minutiae." *Id*. Finally, the claim fails because the statements were not made in "commercial advertising or promotion," including because they are not commercial speech, *i.e.*, speech that "does no more than propose a commercial transaction," *Gmurzynska v. Hutton*, 355 F.3d 206, 210 (2d Cir. 2004). Instead, the article commented on a matter of public importance—conflicts of interest arising in a class action—and also sought to entertain. *See id.* at 211 ("we have been careful not to permit overextension of the Lanham Act to intrude on First Amendment values.")

            Respectfully,
            s/ Jonathan M. Herman