

JONATHAN M. HERMAN
**Partner & Co-Chair of Commercial Litigation Practice Group**
(212) 415-9247
FAX (646) 607-0943
herman.jonathan@dorsey.com

VIA ECF

July 13, 2018

The Hon. Sanket J. Bulsara
U.S. District Court Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Wexler v. Dorsey & Whitney LLP, et ano.</u>, 1:18-cv-3066 (RRM) (SJB)

Dear Judge Bulsara:

We are counsel for defendants Artin Betpera ("Betpera") and Dorsey & Whitney LLP ("Dorsey") (collectively, "Defendants") in the above-referenced litigation. Pursuant to Rule III.B of Your Honor's Individual Rules of Practice and Fed. R. Civ. P. 26(c), Defendants submit this motion for a protective order staying all discovery—including the parties' obligation to confer under Fed. R. Civ. P. 26(f), exchange initial disclosures under Fed. R. Civ. P. 26(a), and attend the initial conference currently scheduled for August 24, 2018—both during the pendency of this motion and pending the resolution of Defendants' upcoming motion to dismiss the Amended Complaint or in the alternative for summary judgment. *See* Defendants' July 12, 2018 pre-motion conference letter (Dkt. #14), a copy of which is annexed hereto as Exhibit A, which sets forth the grounds for and authority supporting dismissal. Defendants certify that, prior to filing this motion, they conferred in good faith with Plaintiff in an effort to resolve this matter without court action pursuant to Fed. R. Civ. P. 37(a). Plaintiff refused to agree to a stay pending resolution of the motion to dismiss.

**I.      Discovery Should Be Stayed Pending Resolution of Defendants' Dispositive Motion**

The Court should grant a brief stay of discovery pending resolution of Defendants' dispositive motion to dismiss or in the alternative for summary judgment. "[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *O'Sullivan v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 70418, at *13 (S.D.N.Y. Apr. 26, 2018) (quotations omitted); *see Giminez v. Law Offices of Hoffman & Hoffman*, No. CV 12-0669, 2012 U.S. Dist. LEXIS 96168, at *5 (E.D.N.Y. July 11, 2012); *Telesca v. Long Island Hous. P'ship*, No. CV 05-5509, 2006 U.S. Dist. LEXIS 24311, at *3 (E.D.N.Y. Apr. 27, 2006). Although a stay of discovery is not automatic, "[i]n some circumstances, a pending motion to dismiss may constitute 'good cause' for a protective order staying discovery." *O'Sullivan* at *13; see Niv v. Hilton Hotels Corp.*, 2007 U.S. Dist. LEXIS 12776, at *5-6 (S.D.N.Y. Feb. 15, 2007) ("Good cause may be shown where a party has filed, or has sought leave to file, a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the order."). In



deciding a motion to stay discovery, courts consider the following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claims lack merit [;] (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Giminez* at *5. Additionally, "Courts may also take into account the following factors, none of which is dispositive: the type of [dispositive] motion and whether it is a challenge as a 'matter of law' or to the 'sufficiency' of the allegations; the nature and complexity of the action; . . . whether some or all of the defendants join in the request for a stay; [and] the posture or stage of the litigation . . . ." *Id.* at *5-6 (quotations omitted). These factors strongly weigh in favor of a temporary stay of discovery in this case.

II. **Defendants Have Made a Strong Showing That Plaintiff's Claims Lack Merit**

A short stay of discovery is appropriate because Defendants have made a strong showing that Plaintiff's claims lack merit. *See id*. at *6 (staying discovery where defendants "present[ed] substantial reasons for why plaintiffs' complaints should be dismissed and may very well be successful in their motions [to dismiss]."); *Josie-Delerme v. Am. Gen. Fin. Corp.*, No. CV 2008-3166, 2009 U.S. Dist. LEXIS 15525, at *3-4 (E.D.N.Y. Feb. 26, 2009) (staying discovery where defendants made substantial arguments that would dispose of all claims). Plaintiff alleges that the title of, and a statement in, an article posted on Dorsey's Consumer Financial Services blog are defamatory and constitute false advertising in violation of the Lanham Act. *See* Amended Complaint (Dkt. #13). Plaintiff's defamation claim lacks merit because both statements are protected as non-actionable opinions, or alternatively by the absolute privilege for fair and true reports of judicial proceedings under N.Y. Civ. Rights Law § 74 and because they are substantially true. Plaintiff's Lanham Act claim fails because (a) the statements at issue are opinion, not false or misleading material misrepresentations of fact; (b) the statements are a substantially true description or account of the decision of Judge Block in *Wexler v. AT&T Corp*., 323 F.R.D. 128 (E.D.N.Y. 2018) (the "AT&T Case"); (c) the statements lack materiality because any damage to Plaintiff was caused by his own conduct and Judge Block's decision, not Dorsey's article; and (d) the statements were not made in commercial advertising or promotion, but were instead a commentary on a matter of public importance—conflicts of interest in a class action. Rather than repeating the details of Defendants' arguments for dismissal and the supporting authority here, we respectfully refer Your Honor to Defendants' July 12, 2018 pre-motion conference letter (Dkt. #14) attached hereto as Exhibit A.

III. **No Unfair Prejudice Will Result From a Short Stay of Discovery**

Discovery should be temporarily stayed because the case is at an early stage of the litigation and a short stay of discovery will not prejudice Plaintiff in any way. A brief delay occasioned by a short stay of discovery does not constitute unfair prejudice. *See O'Sullivan* at *30. "[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *Id*. (granting both a stay of the



Hon. Sanket J. Bulsara
Page 3

parties' obligation to confer under Rule 26(f)(1) until disposition of the stay motion, and a stay of discovery pending resolution of the motions to dismiss). Plaintiff filed an Amended Complaint on July 9, 2018 (Dkt. #13), Defendants filed their pre-motion conference letter on July 12, 2019 (Dkt. #14), and discovery has not yet commenced. *See Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874, 2009 U.S. Dist. LEXIS 78476, at *4 (S.D.N.Y. Sep. 1, 2009) (staying discovery where parties had not yet served discovery requests, as plaintiff would not be prejudiced by a short delay of discovery for only a few months). Plaintiff will not be unduly prejudiced by a brief stay of discovery here. *See Giminez* at *6 ("[B]oth . . . actions are in their infancy. No discovery has taken place . . . . As such, there is little prejudice to plaintiffs in staying discovery."); *Forsher v. J.M. Smucker Co.*, No. CV 2015-7180, 2016 U.S. Dist. LEXIS 136035, at *7 (E.D.N.Y. Sep. 30, 2016) (holding lack of prejudice favored stay because "this is not the sort of case where claims become stale because witness memories fade or evidence is likely to be lost"); *Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (staying discovery at motion to dismiss stage where no prejudice to plaintiff would result); *see also Niv* at *8-9 (granting protective order upon plaintiffs' failure to identify any prejudice that may result and declining to adopt a presumption that an order made pursuant to Fed. R. Civ. P. 26(c) would result in prejudice to non-moving party, as such a presumption would "significantly restrict the effectiveness of Rule 26(c)"); *Telesca* at *6-7 (granting stay where "the plaintiff has failed to demonstrate that a stay of discovery, for the purposes of avoiding [discovery] expenses during the pendency of the motions to dismiss, would be unfairly prejudicial.").

IV. **Discovery Will Be Burdensome and Interests of Economy and Efficiency Favor a Stay**

While the parties have yet to exchange discovery requests, discovery may be burdensome.[1] Given Defendants' strong grounds for moving to dismiss the entire action, the interests of economy and efficiency favor the issuance of a temporary stay of discovery pending resolution of Defendants' dispositive motion. *See United States v. County of Nassau*, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999). In *County of Nassau*, the Court granted a motion to stay discovery pending the outcome of a motion to dismiss, in part, because the motion to dismiss, if successful, would be dispositive of the entire action, and because, "it is self-evident that the cost of discovery, coupled with the diversion of employees' time and attention . . . to focus on the retrieval of discovery and to otherwise assist in the pursuit of this litigation, would be an unnecessary expense in the event [the] motion to dismiss is ultimately granted." *Id*. In light of the factors favoring a stay, the Court held: "The interests of fairness, economy and efficiency therefore favor the issuance of a stay of discovery at this time." *Id*. at 189.

---

[1] For example, on or about June 20, 2018, I spoke with Plaintiff by telephone and he informed me that he will seek to depose every partner of Dorsey in order to establish subject matter jurisdiction under 28 U.S.C. § 1332, notwithstanding my offer to provide the Court with an affidavit and/or stipulation stating that no partners of Dorsey are residents of the State of Georgia, the domicile of Plaintiff. I subsequently filed a letter with the Court on June 21, 2018 offering to provide an affidavit to that effect (Dkt. # 10). Plaintiff opposed that idea, requesting discovery concerning the residence of each member of Dorsey (Dkt. # 11).



Similarly here, Defendants' motion, if successful, would be dispositive of the entire action. The cost of discovery, coupled with the diversion of employee time and attention, would be an unnecessary expense in the event that Defendants' dispositive motion is granted. The interests of fairness, economy and efficiency thus favor the issuance of a stay. *See id.*; *see also Niv* at *7 ("The discovery sought so far does not appear on its face to be unreasonably broad. However, responding to the discovery requests will likely prove burdensome, and if the motion is granted, this burden will likely have served little purpose."); *Josie-Delerme v. Am. Gen. Fin. Corp.*, No. CV 2008-3166, 2009 U.S. Dist. LEXIS 15525, at *5 (E.D.N.Y. Feb. 26, 2009) (staying discovery pending resolution of motion to dismiss and holding, "while defendants have not shown that they will be unduly burdened by having to respond to plaintiff's discovery requests, resolution of the motion to dismiss may obviate the need for potentially onerous discovery."). Here, there is a strong chance that resolution of Defendants' dispositive motion will obviate the need for potentially onerous discovery. Engaging in discovery prior to such resolution therefore would serve little purpose, particularly if Betpara, a California resident with no contacts with New York, were required to be deposed. *See Giminez* at *6 ("[D]efendants are residents of California with no contacts in New York. Forcing them to submit to depositions at this juncture would be burdensome.").

Furthermore, a stay should be granted for the additional reason that being forced to engage in discovery over clearly dismissible claims would constitute a burden upon the exercise of free speech. *See Biro v. Condé Nast*, 963 F. Supp. 2d 255, 279 (S.D.N.Y. 2013), *aff'd*, 807 F.3d 541 (2d Cir. 2015) (noting the "particular value" in resolving defamation claims at the pleading stage to avoid chilling the exercise of constitutionally protected speech and to assure that the exercise of First Amendment rights "will not needlessly become prohibitively expensive") (quotations omitted); *see also Gmurzynska v. Hutton*, 355 F.3d 206, 211 (2d Cir. 2004). ("As always with the public expression of opinion, we have been careful not to permit overextension of the Lanham Act to intrude on First Amendment values.") (quotations omitted).

V.      **Additional Factors Favor the Issuance of a Brief Discovery Stay**

Several additional factors considered by courts in the Second Circuit favor the issuance of a brief stay of discovery. First, Defendants' dispositive motion will challenge Plaintiff's claims as a matter of law—and not only due to a pleading deficiency. *See County of Nassau* at 188 (staying discovery where "the issue raised [on Rule 12(b)(1) motion] is strictly one of law and does not involve issues relating to the 'sufficiency' of the allegations" and "is one that in all likelihood cannot be cured by an amended pleading"); *see also Spencer* at 367-68 (staying discovery pending resolution of Rule 12(b)(6) motion to dismiss for failure to state a claim as a matter of law). Defendants will challenge Plaintiff's defamation claim as legally insufficient because the statements at issue are non-actionable opinions, or in the alternative, are protected by the true and fair report privilege under N.Y. Civ. Rights Law § 74 and are substantially true. Defendants will also challenge Plaintiff's Lanham Act claim as legally insufficient because the statements are opinion, not misleading or material misrepresentations of fact, are substantially true, and were not made in commercial advertising or promotion. Plaintiff's claims in all likelihood cannot be cured



by an amended pleading; and Plaintiff has already amended his original Complaint. Second, both Defendants join in this discovery motion. *See Telesca* at *4 (joinder of all defendants in discovery motion favors granting stay of discovery). Finally, as noted above, this litigation is at an early stage, which also weighs in favor of granting a discovery stay. *See Giminez* at *6.

For the foregoing reasons, a brief stay of discovery should be granted until the Court has ruled on Defendants' upcoming motion to dismiss or in the alternative for summary judgment.

                                      Respectfully,

                                      s/ Jonathan M. Herman

cc: Shimshon Wexler, Esq.