*Shimshon Wexler*
*1856 Berkeley Mews NE*
*Atlanta, GA 30329*
*Tel (212)760-2400*

Via CM/ECF

*Re:* 1:18-cv-03066-RRM-SJB Wexler v. Dorsey & Whitney, LLP et al

Dear Judge Bulsara:

I write in opposition to Defendants' motion for a protective order staying all discovery, including adhering to this Court's Order (Dkt. 12) regarding the parties' obligation to confer under Fed. R. Civ. P. 26(f), exchanging initial disclosures under Fed. R. Civ. P. 26(a), and attending the initial conference currently scheduled for August 24, 2018, pending this motion and staying all discovery pending its anticipated motion to dismiss which has not been filed yet. The defamatory articles that are the subject of this lawsuit remain viewable for all.

Defendants bear the burden to show that they are entitled to a stay of discovery—a burden that they have failed to meet here. *G. I. Home Developing Corp. v. Brookhaven,* 2008 U.S. Dist. Lexis 26173, at *1 (E.D.N.Y. 2008) ("[T]he party seeking a stay of discovery has the burden of showing good cause."). To obtain a stay of discovery, Defendants must demonstrate that "substantial grounds" support a motion to dismiss. *Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (Gorenstein, J.); *Bachayeva v. Americare Certified Special Servs., Inc*., 2013 WL 4495672, at *4 (E.D.N.Y. 2013). A defendant must "ma[ke] a strong showing that the plaintiff's claim is unmeritorious." *State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C.*, 2007 WL 2908205, at *1 (E.D.N.Y. 2007). In addition, Defendants must also demonstrate that the breadth of discovery sought and a lack of prejudice to the plaintiff warrant a stay. See *Hong Leong*, 297 F.R.D. at 72 (collecting cases). Because Defendants have failed to satisfy their burden concerning any of these factors, a stay is not warranted.

**Defendant's Motion to Dismiss is Not Strong**

To justify a stay of discovery, a motion to dismiss must have "substantial grounds." *Hong Leong*, 297 F.R.D. at 72; *see also State Farm*, 2007 WL 2908205, at *1 (defendant must show plaintiff's claim is "unmeritorious" to obtain stay). Applying the correct standard reveals that Defendants are not entitled to a stay.

As an initial matter, Defendants have not yet filed a motion to dismiss and thus it is impossible for the Defendants to have made a strong showing in their non-existent motion to dismiss. Rather they provide a few sentences on page 2 not satisfying their heavy burden. The Court should disregard their incorporation by reference in that paragraph to their pre-motion letter because by incorporating the letter, they have skirted this Court's 5 page limit for motions simply by incorporating a 3 page letter into their response. In an abundance of caution, plaintiff will respond to the arguments made by the Defendants in their pre-motion letter.

While Defendants argue that they are entitled to dismissal because their article on Shimshon Wexler, a private figure, is not defamatory as a matter of law, their arguments supporting dismissal on this basis are weak. A statement is deemed defamatory "if it tends to blacken a person's reputation or expose him to public hatred, contempt, or ridicule, or injure him in his business or profession." *Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 113 (2d Cir. 2005). Here, Defendants' defamatory article on Dorsey's blog and Jdsupra include claims that Plaintiff (a) engaged in a major spousal scheme, (b) tried to conceal that he was married to the plaintiff from the Court, (c) engaged in unethical conduct known to the Defendants but not stated in the article, (d) stated falsely that Plaintiff made clear he intended to seek fees and (e) tried to pull off an unethical scheme and was succeeding until the Court was alerted to it and exposed him. (Compl. ¶¶ 20-33.) In fact, paragraph 37 of the complaint alleges that another website after reading the Dorsey article treated it as fact and wrote their own article "having read [the defamatory] article, my only question is, for how long did they think they could get away with it?"

These statements far surpass the standard required to adequately plead a defamatory statement. These statements impute that Plaintiff is not an ethical lawyer, and thus constitute defamation per se. *Thompson v. Bosswick*, 855 F. Supp. 2d 67, 76-77 (S.D.N.Y. 2012). Further, this article is not about a matter of public concern *Snyder v. Phelps*, 562 U.S. 443, 451-455 (2011) and it is commercial advertising thus subject to far less protection. As Judge Chin noted in *World Wrestling Federation Entertainment, Inc. v. Bozell,* 142 F.Supp.2d 514, 526 (S.D.N.Y. 2001), defamation claims based on commercial speech are not subject to the same rigorous constitutional scrutiny as other kinds of speech; commercial speech may be regulated in ways that might be impermissible in the realm of noncommercial expression. Defendants' statements may only be entitled to reduced [First Amendment] protection. There can be no constitutional objection to the suppression of commercial messages that do not accurately inform the public about

lawful activity. The First Amendment affords less protection to commercial speech and none to false commercial speech. (citations and quotations omitted)

Defendants further argues that the "fair and true report" privilege establishes a basis for dismissal, but there are several reasons that the privilege does not apply. For the privilege to apply, a defamatory statement must constitute a "report" of a judicial proceeding. See Corp. Training v. NBC, 868 F. Supp. 501, 508-10, n. 6 (E.D.N.Y.1994) (privilege does not apply where it is "impossible for the ordinary viewer to determine whether defendant was reporting on a trial"). The mere "overlap between the subject matter of the report and the subject matter of a proceeding does not suffice; the ordinary viewer or reader must be able to determine from the publication itself that the publication is reporting on the proceeding." Fine v. ESPN, Inc., 11 F. Supp. 3d 209, 216 (N.D.N.Y. 2014).

Perhaps recognizing that their statement that plaintiff engaged in a major spousal scheme goes far beyond the words in the decision, Defendants do not address how saying that the decision exposed a major spousal scheme is covered by the privilege. A purported "report's mere mention of an official proceeding does not automatically extend the privilege to an entire publication." *Fine*, 11 F. Supp. 3d at 216. Moreover, the privilege does not "extend to commentary on the proceedings or to additional facts not established in the proceedings." *Easton v. Public Citizens*, 1991 WL 280688, at *3 (S.D.N.Y.1991). Defendant's defamatory title of the article "TCPA Class Certification Denial Exposes Major Spousal Scheme does not summarize the Court's decision, but instead is an independent assertion of truth that expands far beyond anything remotely related to the decision.

Finally, even to the extent that Defendants' statements can be considered "reports," they must be "fair and accurate" to be privileged. *The Knit With*, 2010 WL 3792200, at *5 (a report is not fair and accurate if it "carries a materially greater sting" than the proceeding itself); *see also Pisani v. Staten Island Univ. Hosp.*, 440 F. Supp. 2d 168, 177-78 (E.D.N.Y. 2006) (privilege applies only where a report is "fair and true"). Whether a report is "fair and accurate" is a question of fact, which is not normally decided at the motion to dismiss stage. *Karedes*, 423 F.3d at 119. Because Defendants are unlikely to establish that the statements are "fair and accurate" as a matter of law, their motion is not supported by "substantial grounds."

**Plaintiff Has Adequately Pled His Lanham Act Claim.**

Defendants argue that the Lanham Act claim fails because they are opinion. However, as shown above, that is wrong. Second, Defendants argue that the Lanham claim fails because they are not material to influence a potential clients decision to hire Plaintiff. As shown above, this is wrong as the Court exposing a major spousal scheme by Plaintiff will have a material impact. At the very least, it is a question of fact. Lastly, Defendants argue that statements were not made in "commercial advertising or promotion" But this statement fails to give all inferences in favor of the complaint. The Amended Complaint alleges that the Defendants have a blog where they advertise their services and they write that one of the reasons you should hire them is because they know the tricks of plaintiff's lawyers and they provide an example of exposing an unlawful arrangement. If the article is not read in isolation, then it should be treated as advertising at the very least it is a hybrid communication and is actionable. *Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*, 194 F. Supp. 3d 263, 292-299 (S.D.N.Y. 2016).

**The Discovery Sought is Not Burdensome**

Plaintiff has not yet served any discovery requests and has not sought any discovery (except discovery related to discharging the order to show cause) thus no discovery is sought in this case. Rather, Plaintiff has requested multiple times that Dorsey engage in a 26f conference where the scope of discovery can be discussed. Dorsey has adamantly refused to engage in any discussion regarding the scope of discovery and instead asks this Court to reconsider its issuing of its Scheduling Order even though the Scheduling Order was issued after Defendants had made clear that they would be filing a motion to dismiss.

Defendants' arguments concerning the burden of discovery are merely hypothetical. Defendant speculates that "discovery may be burdensome" but offers very little basis for that belief which is unfounded. In a footnote, Defendants base their belief that discovery <u>may</u> be burdensome because of Plaintiff's attempt to have the Court discharge its Order to show cause by allowing Plaintiff to engage in jurisdictional discovery to show diversity. The Order to show cause was directed at plaintiff and in no way was the discovery he was seeking in order to discharge the order to show cause overbroad. Notably, Defendants fail to mention that Plaintiff stated that if the Court were to allow the affidavit approach Plaintiff would of course accept that. But not knowing what the Court needed to satisfy the order to show cause, plaintiff requested the residence of each member of Dorsey.

The sole case cited by Defendants, *United States v. County of Nassau*, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999) does not even support Defendants' position. It does not say where discovery may be burdensome a stay is warranted. Rather, in that case against an entire County, the United States brought suit under the Fair Housing Act to redress alleged unlawful discrimination in the county's residential property tax assessment and collection system "it is self-evident that the cost of discovery coupled with the diversion of employees' time and attention… favor the issuance of a stay". This is a simple defamation claim involving a former employee of Dorsey that will not involve burdensome discovery. In any event, Defendants have not carried their burden to show that discovery sought will be burdensome. Plainly, this factor favors against the issuance of a stay. Moreover, rather than engaging in a dialogue concerning staged discovery, Defendant asks for a blanket order from the Court that bars any discovery at all.

**The Court has Personal Jurisdiction Over Betpera**

The Amended Complaint alleges that Betpera using Dorsey, which is subject to personal jurisdiction in the Eastern District of New York, wrote an article about a Judge's decision in New York that substantially affects Plaintiff's law practice in New York. New York courts "have permitted jurisdiction under § 302(a)(1) in defamation cases where the defamation complained of arises from or is connected with the transaction of business within the state" *Popper v. Monroe,* No. 87 Civ. 0899(SWK), 1990 WL 129168, at *3 n. 1 (S.D.N.Y. Aug. 29, 1990). Plaintiff has made enough of a showing that he is entitled to jurisdictional discovery as to whether this Court has personal jurisdiction over Betpera. Should the Court find that it does not have personal jurisdiction over Betpera, Plaintiff requests that the Court transfer the action as to him only to the Central District of California where Betpera resides.

**Plaintiff Will Suffer Prejudice**

Finally, Plaintiff will suffer prejudice as the result of any discovery stay that is imposed. Given that the article was written over five months ago and it remains up, witnesses relevant to the truth of Defendants' defenses are less likely to remember distant events as time wears on. *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997). Imposing additional delays will prejudice the Plaintiff.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's request to stay discovery.

Respectfully,

/s/ *Shimshon Wexler*